VíCTOR A. RAMÍREZ, ETC., ET AL., Plaintiffs and Appellants, v. MANUEL MARÍN, Defendant and Appellee.

No. 4980. Argued May 1, 1930.—Decided November 18, 1931.

Nazario & García Méndez for appellants. J. Alemañy Sosa for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiffs, in an action for personal injuries received as the result of an automobile accident, appeal from an adverse judgment and say that the district court erred in permitting defendant to introduce in evidence a certain writing for the purpose of impeaching one of his witnesses.

Counsel for defendant, while examining one of defendant's witnesses, announced that certain statements made by the witness came as a surprise to defendant. Asked whether or not at a certain time and place witness had made a statement before an attorney (Pascasio Fajardo) and one Valdés, he answered in the affirmative. The witness was then asked to examine the writing in question and counsel for plaintiffs objected on the ground that the impeachment should proceed without exhibition of the document. The court overruled the objection and told counsel to ask the witness if that was his

statement. The witness answered that it was, but added that certain things were omitted because he was very nervous at the time. The attention of the witness was then directed to a certain part of the writing wherein he had stated that, without the permission of Mr. Marín, he had taken out the car, and the witness answered "I had permission to take out any of the cars without authorization." He was then asked to read the document, to say whether or not he had made the statements contained therein, and to identify his signature. He answered that it was correct, except as to the omission already indicated, due to his nervous condition. In answer to other questions, the witness admitted that on the day before the trial his written statement had been read to him by counsel for defendant and that he had then stated to counsel for defendant that it was true. The document was then offered in evidence and admitted by the court for the sole purpose of contradicting the witness as to the matters previously testified to by him. Counsel for plaintiffs objected to the admission of the document upon the ground that it was not a sworn statement, and the objection was overruled. Counsel for plaintiffs then protested that there. was no contradiction, but consented to the admission of the document for what it was worth. The document was then again admitted in evidence, and counsel for plaintiffs took an exception on the ground that Valdés was a representative of the insurance company. The court indicated that such representative capacity was no obstacle to the admission of the document in evidence and added that the fact itself had not been made to appear. An offer to prove the representative capacity of Valdés was met by the court with a statement that the document had been introduced in evidence and a suggestion that the witness could be asked to explain it. The witness was then examined by counsel for plaintiffs concerning his previous statement.

Section 159 of the Law of Evidence, referring to contradictory statements previously made, expressly provides that

"if the statements be in writing, they must be shown to the witness before any question is put to him concerning them." The wisdom of such a requirement may be open to question (see Wigmore on Evidence, 2nd ed., vol. 2, 277, 487, 875, sections 906, 1036, and 1259), but that is a matter for the consideration of the Legislature. The language of the statute is plain.

Other points suggested by the argument for appellants, in so far as they are covered by the assignment, do not demand serious consideration. The court did not err in admitting the document.

Appellants also submit that the district court erred in holding that defendant was not responsible for the damages caused by the negligence of his chauffeur, Nicolás Duperón, and, in so holding, misapplied the doctrine of *respondeat superior*.

It may be conceded that the evidence for plaintiffs established a prima facie case under the authority of *Truyol & Company* v. *West India Oil Company*, 26 P.R.R. 321; *Cortijo* v. *Domínguez*, 36 P.R.R. 844; *Ramos de Anaya* v. *López*, 36 P.R.R. 451; *Guzmán* v. *Ortiz*, 39 P.R.R. 170, and *Sánchez* v. *Asiatic Petroleum Co.*, 40 P.R.R. 98. The district judge found, however, that Duperón had taken the car from the garage at a late hour of the night and at the time of the accident was using the same for his own pleasure and that of his friends without the knowledge or consent of defendant, the owner. The evidence for defendant fully sustains these findings. There was also testimony for plaintiffs which tended to show that Duperón had been sent on an errand by another employee of defendant, but this was contradicted by other testimony adduced by defendant, and the finding of the district judge upon this point was likewise adverse to plaintiffs. The district judge did not err either in his findings of fact or in his conclusions of law based upon such findings.

What we have said practically disposes of another question separately discussed in the brief for appellants involving

alleged error in the weighing of the evidence and in rendering judgment contrary thereto.

In view of the foregoing conclusions, we do not deem it necessary to discuss another contention of appellants, first in the order of assignment, to the effect that the district court erred in sustaining a demurrer for misjoinder of parties plaintiffs, interposed after the overruling of a previous demurrer for want of facts sufficient to constitute a cause of action.

The judgment appealed from must be affirmed.